IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUCCI AMERICA, INC.,

        Plaintiff,                           No. CIV S-06-0274 FCD EFB

    vs.

L'IMAGE BOUTIQUE, INC.,          <u>ORDER GRANTING IN PART DEFENDANT'S<br>MOTION FOR PROTECTIVE ORDER</u>

        Defendant.
_____/

        This case was the before court on September 20, 2006, for hearing on defendant's motion for a protective order. The motion seeks to postpone the deposition of the corporate representative of defendant, L'Image Boutique, Inc. ("L'Image"), until resolution of a criminal investigation by the Sacramento County District Attorney involving the same basic facts (i.e., the alleged sale by L'Image of counterfeit Gucci products). In addition to the protective order, L'Image seeks a stay of "the case, the deposition and all discovery for three months." (Joint Statement re: Discovery Disagreements ("Joint Statement"), at 3:8-10). Plaintiff, Gucci America, Inc. ("Gucci"), the party noticing the deposition, opposes the motion. Stephen Scherzer appeared on behalf of plaintiff and James Houpt and Stacy Don appeared on behalf of defendant. Having reviewed the parties' joint stipulation filed pursuant to Local Rule 37-251, and having heard oral argument, it is apparent that neither a stay of the case nor a postponement

1

of the deposition for the requested 3-month period of time can be accommodated without first vacating the November 1, 2006 discovery cutoff date set by Judge Damrell in the Pretrial Scheduling Order. Accordingly, for the reasons set forth below, defendant will be granted a limited protective order that will defer the deposition until defendant can be heard before Judge Damrell on a motion to stay the case. This order will also include the recommendation that, if a stay is not granted, the discovery cutoff date be modified to accommodate plaintiff's deposition of the defendant under Rule 30 (b)(6).

BACKGROUND

Plaintiff's complaint, filed February 8, 2006, alleges that the defendant infringed plaintiff's trademark, engaged in counterfeiting, dilution, false designation of origin and unfair competition when it sold counterfeit goods bearing Gucci's trademarks. Defendant is a Sacramento boutique store co-owned by Ana Divac and Jelicia Orbovic. (Declaration of Stephen G. Scherzer in Opp'n to Defendant's Motion for Protective Order ("Scherzer Decl."), Exhibit E, at 7:1-8).

On July 20, 2006, Gucci served on L'Image a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6). In response to that notice, L'Image indicated that it would produce Jelicia Orbovic ("Orbovic"), a corporate officer of L'Image. L'Image claims that Orbovic is the "only available appropriate corporate representative that can testify at the deposition." (Joint Stipulation, at 2:28 –3:2). Plaintiff challenges that assertion and notes that the only person designated in L'Image's initial disclosures as having relevant information is Ana Divac.[1]
 At the hearing on September 20, 2006, counsel for L'Image indicated that Ana Divac is "out of the country" and therefore unavailable, thus explaining the identification of Orbovic in response

---

[1] Plaintiff also argues that defendant's motion for a protective order is a delay tactic aimed at suspending the case given its "high profile" nature, pointing out that L'Image's owner is Ana Divac, wife of former Sacramento Kings player Vlade Divac). (Joint Statement, at 3:24-28).

to the notice.[2] L'Image now moves for a protective order to prohibit Gucci from taking Orbovic's deposition pending resolution of the criminal investigation.

According to L'Image, the Sacramento District Attorney's Office has investigated and is threatening to prosecute L'Image for selling the same counterfeit goods that are the subject of this civil action. L'Image claims that it seeks to resolve the criminal matter "without litigation" and that negotiations with the deputy district attorney are ongoing. L'Image argues that the pending criminal investigation may result in criminal charges being filed against Orbovic because she was a principal of the store "at the time the incidents took place." (Joint Statement, 2:24-28). L'Image states that Orbovic intends to invoke the Fifth Amendment at her deposition, which was previously noticed for September 20, 2006. L'Image, therefore, seeks a protective order prohibiting the deposition and a stay of the case pending resolution of the criminal investigation, and a stay of the case for a period of three months. The court notes that pursuant to District Judge Damrell's scheduling order, discovery is cut-off as of November 1, 2006.

DISCUSSION

    1.    <u>Protective Order</u>

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979). Federal Rule of Civil Procedure 26(c) sets forth methods of protection available by court order, including limitations on the scope of discovery or the disclosure of information. Fed. R. Civ. P. 26(c). This list is not exhaustive and

---

[2] The court notes that L'Image failed to identify Orbovic in its initial disclosures on May 10, 2006. At the hearing on September 20, 2006, counsel for L'Image offered the explanation that, at the time, defendant did not think it would use Orbovic to support its claims and defenses.

the court has broad discretion as to whether or not to impose other limits on discovery. *Columbia Broadcasting System*, 666 F.2d at 368-69.

Good cause is required to obtain a protective order. Fed. R. Civ. P. 26(c); *Foltz v State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)test." *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Here, defendant argues that a protective order and a stay are necessary to protect Orbovic from self-incrimination pending resolution of the criminal investigation, which concerns similar, if not identical facts. L'Image argues that if Orbovic is forced to attend the deposition and assert the Fifth Amendment, plaintiff will unfairly be entitled to the adverse inference of that silence at trial. Indeed, under those circumstances, plaintiff would be entitled to such an instruction. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

"The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." *In re: Master Key Litigation*, 507 F.2d 292, 293 (9th Cir. 1974). If no corporate officer can answer without being subjected to the risk of self-incrimination, the corporation's remedy is to seek a protective order postponing discovery until termination of the criminal action. *United States v. Kordel*, 397 U.S. 1, 9 (1970).

Although L'Image has not identified whether or not Orbovic is a target of the criminal investigation, when the criminal investigation began, or how long it is expected to continue, it does assert that Orbovic is the "only available appropriate corporate representative that can testify at the deposition."[3] This is tantamount to asserting that no other corporate officer

---

[3] A collective entity or person called upon to appear in a representative capacity for an entity is not a "person" within the meaning of the self-incrimination privilege and therefore cannot invoke it. *Braswell v. United States*, 487 U.S. 99, 104 (1988) (holding that a corporation

4

can answer without being subjected to the risk of self-incrimination.  Furthermore, L'Image represents that Orbovic was a principal of the store at the time the sale of counterfeited goods took place, and for that reason, Orbovic fears criminal charges and intends to assert the Fifth Amendment during her deposition.  Even though criminal charges have not been filed against Orbovic, it appears that such a possibility exists.  It further appears that Orbovic, a "principal" of L'Image when the alleged acts were committed, has reason to anticipate asserting the Fifth Amendment at her deposition since the criminal investigation is ongoing and concerns the same alleged acts underlying this civil action.  This, together with the detriment that L'Image will likely suffer as a result of the "adverse inference" instruction, establish "good cause" for a protective order.

The court is mindful that a corporation may not simply point to an agent who is about to invoke the Fifth Amendment privilege as the person to answer questions for the corporation, and thereby secure for the corporation a privilege that the corporation does not have.  *Kordel*, 397 U.S. at 9.  Here, however, there appears to be only two individuals who are knowledgeable of the corporation and counsel for defendant has represented at oral argument that one, Ana Divac, is out of the country and unavailable.  That leaves only Orbovic, who intends to assert the privilege if deposed prior to completion of the criminal investigation.

However, the looming deadline of the November 1, 2006 for the cut-off of discovery prevents granting the relief to the extent sought by defendant.  Defendant has not sought nor obtained an order from Judge Damrell modifying his pretrial scheduling order, nor provided him the briefing and basis to justify that modification.  The undersigned will grant only a temporary protective order that will be effective only until such time as District Judge Damrell rules on defendant's motion to stay the case.

////

---

may not assert the Fifth Amendment).  Corporate officers, however, may invoke the privilege to avoid incriminating themselves personally.  *Id.*

1    2.    Stay of the Action Due to Ongoing Criminal Investigation

2    Defendant seeks a "stay of the case, the deposition and all discovery for three months," after which time it requests "a status conference to discuss the status of the District Attorney's action and a revised scheduling order." (Joint Statement, at 3:6-10). Magistrate Judges are without authority to stay actions absent consent. *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992) (noting that 28 U.S.C. § 636(b)(1)(A) specifically exempts motions for injunctive relief from the category of matters on which a magistrate judge may enter an order). An order to stay this action is an "injunction" beyond the undersigned's authority. Even the request to stay discovery effectively requests a modification of the district judge's order, which may only be done at the district judge's discretion.

Given the looming discovery cut-off deadline of November 1, 2006, the undersigned orders the defendant to notice its motion to stay the case for hearing before the Honorable Frank C. Damrell as expeditiously as possible.

CONCLUSION

Accordingly, IT IS ORDERED that defendant's August 29, 2006, motion for a protective order is GRANTED IN PART and DENIED IN PART. The protective order is GRANTED only until such time as District Judge Damrell rules on defendant's motion to stay the action. The motion to stay before the undersigned is DENIED WITHOUT PREJUDICE to defendant seeking a stay from Judge Damrell. In the event that the such a motion to stay is denied, the undersigned recommends a limited modification of the discovery cutoff date of November 1, 2006 to accommodate the completion of the deposition of the defendant.

DATED: September 21, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE